## Ex Parte Kuinlan.

### Appeal from the District Court of San Juan.

No. 125.—Decided May 12, 1904.

Dominion Title—Possession to Acquire Same.—Where, in a proceeding to acquire a title of ownership to real property, the petitioner fails to show possession under a proper title for more than six years, or that the possession has been quiet, peaceable and uninterrupted for thirty years, the ownership of the property cannot be held to have been established in his favor.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Attorney Luis Freyre Barbosa, on behalf of

de Don Juan José Cesareo Kuinlam, sobre acreditar el dominio de una finca rústica, pendientes ante Nos. á virtud de apelación interpuesta por el promovente contra la sentencia dictada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"Puerto Rico, Septiembre primero ·de mil novecientos tres.

*Resultando* : que el Letrado Don Luis Freyre Barbosa, en representación de Don José Cesáreo Kuinlam, acudió al Tribunal el día 20 de Febrero con escrito alegando que su causahabiente, careciendo de título escrito, deseaba justificar, con arreglo al artículo 395 de la Ley Hipotecaria y Orden Judicial de 4 de abril de 1899, el dominio que tenía de un predio de terrenos, sito en el barrio de 'Candelaria,' de Toa-Baja, hoy jurisdicción de Bayamón, compuesto de veinte cuerdas de terreno equivalentes á nueve hectareas, once areas y setenta centíareas, colindantes, por el Norte, con el mismo dueño y Laureano Rodriguez; por el Sur, con Don Nicolás Román representado por su esposa Martina Medina y Don Leandro Semprit; por el Este, Doña Teresa Prieto y Antonio Yncel, y por el Oeste, Marcela Ortiz y Socorro Cruz, alegando que su causahabiente lo adquirió del Ayuntamiento de Toa Baja y que el terreno tiene el valor de 360 dollars, suplicando la citación del anterior poseedor y colindantes y del Sr. Fiscal, publicación de edictos, convocando á las personas ignoradas á quienes pudiera perjudicar la inscripción, y que se libren despachos al Juez Municipal de Bayamón para la práctica de la información correspondiente con los interrogatorios siguientes: 1. Generales de la ley; 2. Ser cierto y constarles que la finca que se describe es propiedad de mi representado por haberla adquirido hace unos cinco años. 3. Ser cierto que desde la fecha de su adquisición ha venido en posesión de ella y disfrutándola quieta, y pacificamente, sin oposisión de nadie.

*Resultando* : que admitida y evacuado traslado por el Ministerio Fiscal, publicados los edictos en el 'Heraldo Español,' citados los colindantes y además Don Juan Matheu en carácter de representante del Ayuntamiento de Toa Baja, el anterior poseedor.

Juan José Cesáreo Kuinlan, for the purpose of establishing the ownership of a rural estate, which case is pending before us on appeal taken by the petitioner from the judgment rendered by aforesaid district court, which reads as follows:

"Porto Rico, September 1, 1903. Attorney Luis Freyre Barbosa, as the representative of José Cesáreo Kuinlan, applied to the court on February 20 with a petition alleging that his client, having no written title, desired to prove, pursuant to article 395 of the Mortgage Law, and Judicial Order of April 4, 1899, his ownership of a tract of land, situated in *barrio* 'Candelaria,' of Toa Baja, now the district of Bayamón, the same consisting of 20 *cuerdas*, being equivalent to 9 hectares, 11 ares and 70 centares; bounded on the north, by property belonging to the same owner and lands owned by Laureano Rodríguez; on the south, by lands belonging to Nicolás Román, represented by his wife Martina Medina, and to Leandro Semprit; on the east, by lands belonging to Teresa Prieto and Antonio Incel; and on the west, by properties of Marcela Ortiz and Socorro Cruz; alleging that his client acquired the same from the municipal council of Toa Baja, and that said lands are valued at three hundred and sixty dollars. He prayed that the previous owner and the adjoining ones be cited, as also the *Fiscal;* that notices be published and a call issued for the unknown persons whom the desired record might prejudice; and that the municipal judge of Bayamón be commissioned to conduct the proper proceedings, covering the following interrogatories: 1. Qualifications of witnesses, as required by law; 2. Whether it is true and known to them of their own knowledge that the property described belongs to my client, he having acquired the same about five years ago; 3. Whether it is true that from the date of its acquisition he has been in quiet and peaceable possession thereof, without opposition on the part of anyone.

"The petition being admitted notice thereof was served upon the Department of Justice; the notices were published in the 'Heraldo Español;' adjoining landowners were cited, as also Juan Matheu in his capacity as representative of the municipal council of Toa Baja, former owner of the property.

"Upon the taking of evidence, two witnesses testified to the second interrogatory that the same was true according to their own knowledge, as also the third interrogatory, adding that the land described

*Resultando*: que practicada la información testifical, dos testigos declararon al interrogatorio 2o. que era cierto y les constaba, é igualmente al interrogatorio 3o. añadiendo que el terreno descrito lo adquirió el promovente del Ayuntamiento de Toa Baja y éste, Inocencio Rojas, en virtud de expediente de apremio tramitado para el pago de contribuciones y que dicho Rojas poseyó dicho terreno por más de veinte años sin oposición de tercero.

*Resultando*: que vencido el término de 60 días sin haberse hecho á la declaración de dominio solicitada consignación alguna y señalado día para la comparecencia verbal con citación del Sr. Fiscal se celebró ésta en la que alegó el promovente lo que él creyó necesario.

*Considerando*: que la posesión con justo título por mas de seis años no está probada, pues Kuinlam sólo ha poseído durante cinco años por título de compra al Ayuntamiento, no constando el tiempo que poseyó el Ayuntamiento, ni si el título porque adquirió era justo, por no haberse traido copia certificada del expediente de apremio, ni el título de posesión de Rojas.

*Considerando*: que la información testifical practicada no basta para declarar un título de dominio, fundado en la posesión quieta, pacífica y no interrumpida durante 30 años, pues los testigos no expresaron la razón de su dicho al declarar que Rojas poseyó dicho terreno por más de veinte años, ni tampoco que dicha posesión llegará á treinta años. Vista la Ley Hipotecaria art. 395, y Orden Judicial de 4 de Abril de 1899, y art. 1247 del Código Civil. Se declara sin lugar el dominio solicitado. Así lo acordaron y firman los Jueces del Tribunal, certifico. Frank H. Richmond, José Tous Soto, Otto Schoenrich. Luis Mendez Vaz.''

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á cuyo acto sólo asistió el Señor Fiscal de este Tribunal Supremo. que impugnó el recurso.

Abogado del apelante: *Sr. Freyre Barbosa.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

had been acquired by the petitioner from the municipal council of Toa Baja, which had acquired it from Inocencio Rojas, by virtue of compulsory proceedings instituted for the recovery of taxes, and that said Rojas had possessed the land for more than twenty years, without opposition by a third party.

"The period of sixty days having elapsed without any objection to the desired declaration of ownership, and a day being set for the oral hearing with citation of the *Fiscal*, the same was had, the petitioner presenting then and there such arguments as by him were deemed necessary.

"Possession with a just title for more than six years has not been proven, inasmuch as Kuinlan has been in possession of the property only for five years, by purchase from the municipal council, and the time during which the latter was in possession does not appear, nor has it been shown that the title by which it had acquired the property was good, for neither a certified copy of the record of the compulsory proceedings, nor the title by which Rojas had possessed said property has been produced.

"The testimony of the witnesses is not sufficient for the purposes of a declaration of ownership based on a quiet, peaceable and uninterrupted possession for thirty years, because said witnesses fail to give any reason for their statements when declaring that Rojas had possessed the lands in question for more than twenty years, nor have they shown that said possession extended for thirty years.

"In view of article 395 of the Mortgage Law, Judicial Order of April 4, 1899, and section 1247 of the Civil Code, the declaration of ownership applied for is denied. Thus it was decided and signed by the judges of the court, to which I certify. Frank H. Richmond, José Tous Soto, Otto Schoenrich.—Luis Méndez Vaz."

From this judgment the representative of the petitioner took an appeal, which was allowed for a review and stay of proceedings. The record was forwarded to this Supreme Court with citation of the parties, and the appellant having appeared, the case was conducted under the proper procedure. A day was set for the hearing, at which appeared only the *Fiscal* of this Supreme Court, who opposed the appeal.

*Mr. Freyre Barbosa,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

EL JUEZ PRESIDENTE, SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Fallamos*: que debemos confirmar y confirmamos la expresada sentencia con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## EL PUEBLO v. CASTRILLO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 12.—Resuelto en Mayo 13, 1904.

APELACIÓN—PLIEGO DE EXCEPCIONES.—No habiendo pliego de excepciones, ni apareciendo de los autos que se haya cometido algun error, la sentencia apelada debe ser confirmada.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO, SR. FIGUERAS, emitió la siguiente opinión del Tribunal.

El Fiscal de la referida Corte presentó, debidamente jurada, una acusación en la forma siguiente:

"Nicolás Castrillo, en uno de los dias del mes de Diciembre de 1903, en el Sub-Distrito de Caguas, acometió á Pedro Coto disparándole un tiro."

Se leyó y entregó copia al acusado de dicha acusación, que fué negada, y se sometió al Tribunal de derecho. En cinco de Marzo último se celebró el juicio, y en el acta se consigna que declararon los testigos de cargo, no constando en ella

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

We adjudge that we should affirm and do affirm aforesaid judgment, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.